UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DEANNA M. ROUSSEAU, <br><br> Plaintiff, <br><br> v. <br><br> MIDWEST FIDELITY SERVICES, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:19-cv-00994 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF**

NOW comes DEANNA M. ROUSSEAU ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MIDWEST FIDELITY SERVICES, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

**PARTIES**

4. Plaintiff is a 54 year-old natural person residing in Milwaukee, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Plaintiff is a "customer" as defined by §421.301(17) of the WCA.

8. Defendant is a third-party debt collection agency, and according to its website, "We provide top-of-the-line collection services with an emphasis on professionalism in the way we handle our clients' collection claims."[1] Defendant is incorporated in Kansas and its principal place of business is located at 103 South Main Street, Ottawa, Kansas 66067. Defendant regularly collects upon consumers located in Wisconsin. Defendant's registered agent in Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717,

9. Defendant is a "debt collector" and "creditor" as defined by §427.103(3) and §421.301(16) of the WCA, respectively, because it regularly engages in consumer credit transactions uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA , because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant is also a member of ACA International, an association of credit and collection professionals.[2]

---

[1] http://midwestfidelity.com/about-us/
[2] http://www.acainternational.org/search#memberdirectory

11. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

12. Defendant is a "person" as defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

14. Several months ago Plaintiff obtained a personal loan from A-1 Premium Acceptance, Inc. d/b/a King of Kash ("King of Kash") which she used to fund the purchase of household goods and services.

15. In approximately February 2019, Plaintiff allegedly defaulted on her payments to King of Kash creating an outstanding balance of $2,855.25 ("subject consumer debt").

16. King of Kash turned the collection of the subject consumer debt over to Defendant after Plaintiff allegedly defaulted.

17. Starting in approximately June 2019 Plaintiff began received systematic collection calls from Defendant to her cellular phone, (414) XXX-6782.

18. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6782. Plaintiff is and always has been financially responsible for the cellular phone and its services.

19. The phone number that Defendant most often uses to contact Plaintiff is (414) 240-4021, but upon belief, it has used other phone numbers as well.

20. The phone number ending in 4021 is regularly utilized by Defendant during its debt collection activity.

21. When Plaintiff answers calls from Defendant she experiences a brief pause, lasting approximately three to five seconds in length, before a live representative begins to speak.

22. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon the subject consumer debt

23. Plaintiff promptly advised Defendant that she did not wish to receive calls from it and only communicate with her in writing.

24. Despite her advisement, Defendant has continued to place calls to her cellular phone through the filing of this action. Plaintiff has received approximately 10 calls from Defendant since telling it to stop.

25. In addition to calling Plaintiff's cellular phone, Defendant has also attempted to contact members of her family as well as her place of employment despite having contact with Plaitniff.

26. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenditure of resources.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

   a. **Violations of FDCPA §1692b & c(b)**

30. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer," and under §1692b(3), "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

31. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff's family members and place of employment during its debt collection activity. Defendant directly communicated with Plaintiff and had no need to for further location information. Defendant used the pressure point of third-party contacts in an attempt to coerce Plaintiff into paying the subject consumer debt.

    **b. Violations of FDCPA §1692c(a)(1) and §1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone afters he demanded that it only contact her in writing was harassing to Plaintiff.

5

Case 2:19-cv-00994-DEJ    Filed 07/12/19    Page 5 of 10    Document 1

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing.

   c. **Violations of the FDCPA § 1692e**

41. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

43. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told to stop calling, Defendant continued to call Plaintiff numerous times, through the present. Instead of stopping this behavior, Defendant continued to systematically place calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it did not have consent to do so.

44. Defendant systematically "spoofed" the phone number it was calling from to appear as if it was local to Plaintiff. Despite the calls originating from Kansas, Defendant purposefully used a phone number local to Plaintiff in order to coerce her into answering its unwanted calls.

   d. **Violations of FDCPA § 1692f**

44. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

45. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff even after she notified it to stop contacting her. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being notified to stop

calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

46. As pled in paragraphs 26 through 28, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff DEANNA M. ROUSSEAU, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

  c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

  e. Enjoining Defendant from further contacting Plaintiff; and

  f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47. Plaintiff repeats and realleges paragraphs 1 through 46 as though fully set forth herein.

48. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

49. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The brief pause, lasting approximately three to five seconds in length, that Plaintiff experiences before being connected with one of Defendant's live representatives is instructive that an ATDS is being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

50. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to be contacted by Defendant using an ATDS was explicitly revoked upon her demands to cease contact.

51. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

52. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant received prompts to cease calling, but it defied those demands and continued to harass Plaintiff.

WHEREFORE, Plaintiff DEANNA M. ROUSSEAU, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

55. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after he notified it to stop calling her. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior by contacting third-parties, willfully done with the hope that Plaintiff would be compelled to make payment.

56. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

57. The WCA further states that "in attempting to collect an alleged debt arising from a consumer credit transaction…a debt collector may not:"

> "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

58. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after he told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

59. As pled in paragraphs 26 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

60. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting her, but yet, he was still bombarded with collection phone calls from Defendant. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff DEANNA M. ROUSSEAU, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 12, 2019                                      Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff
Sulaiman Law Group, Ltd.                              Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                 (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                         thatz@sulaimanlaw.com